IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-86 |
| | ) | |
| JOSEPH RAITH | ) | |

<u>RESPONSE TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE</u>

AND NOW, comes the United States of America, by its attorneys, Cindy K. Chung, United

States Attorney for the Western District of Pennsylvania, and Michael Leo Ivory, Assistant United

States Attorney for said district, and hereby submits the following Response to defendant Raith's

Motion for Early Termination of Supervised Release, and in support thereof states the following:

<u>FACTUAL BACKGROUND</u>

At some point prior to March 2009, federal investigators learned that Raith subscribed to

websites depicting the physical and sexual abuse of children. (PSR ¶ 7). On March 7, 2009, agents

executed a search warrant at Raith's residence. (<u>Id.</u> at ¶ 8). The agents recovered a laptop computer

and 90 compact disc recordables. (<u>Id.</u>). An examination of the discs revealed that they contained

more than 100 images and at least 25 videos depicting "prepubescent children bound at their hands

and feet while engaging in oral sex. Other images depict[ed] prepubescent children engaging in

sexual intercourse and bound naked to chairs." (<u>Id.</u> at ¶ 10). The laptop contained 486 images of

prepubescent boys "engaging in a variety of sexually explicit conduct and nude posing." (<u>Id.</u> at

¶ 11). Raith admitted to the agents that the laptop was his and that it contained "images of naked

children. . . ." (<u>Id.</u> at ¶ 13). This was Raith first experience with the criminal justice system.

Raith pleaded guilty to 1 count of violating 18 U.S.C. § 2252(a)(4)(B), possession of child

pornography. Raith's advisory Sentencing Guidelines range called for a term of imprisonment of

1

78-97 months' imprisonment; he was also subject to a statutory term of supervised release of 5 years to life. (Id. at ¶¶ 61and 63). Raith moved for a downward departure, claiming that the guidelines pertinent to his offense were not based on empirical data. (Doc. 40 at 1-7). On February 22, 2010, the Court sentence Raith to 36 months' imprisonment and 20-years' supervised release. (Doc. No. 45). The supervised release term will terminate in 2033.

## RAITH'S REQUEST

Raith offers the Court myriad reasons why his supervised release should be prematurely terminated. He notes that he has been fully compliant with the conditions of his release and has participated in a mental health/ sex offender treatment program. (Doc. No. 55 at 6). He maintains that he is remorseful for his conduct and has the support of his neighbors, friends, and family. (Id.). He maintains that he is an asset to his community, devoting himself to his family and church. (Id. at 11).  His request is accompanied by a number of character letters attesting to the positive steps he has taken towards rehabilitation. (Doc. 55-1).

Nevertheless, the Court should deny Raith's motion.

## THE LAW

The "primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011). Supervised release "serves as means of rehabilitation." United States v. Sheppard, 17 F.4th 449, 454 (3d Cir. 2021) (citing United States v. Johnson, 529 U.S. 53, 59 (2000)).

Under 18 U.S.C. § 3583(e), a district court "may also cut short a defendant's term of supervised release." (Id. at 455).  In so doing, the court must first consider the factors set forth in 18 U.S.C. § 3553(a)(1); (a)(2)(B); (a)(2)(C); (a)(2)(D); (a)(4); (a)(5); (a)(6); and (a)(7). See 18 U.S.C. § 3583(e). Afterwards, the court "may" "terminate a term of supervised release" where "it

2

is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. In essence, this Court must evaluate a request for early termination with resort to many of the same factors it relies upon when fashioning a criminal sentence.

Accordingly, this Court's inquiry concerning the defendant's conduct and the interests of justice is informed by the following factors: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, to protect the public for further crimes, and to provide the defendant with needed educational, vocational, or medical treatment; (3) the kinds of sentence and sentencing range pertinent to the defendant's crimes; (4) relevant Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparity amongst similarly situated defendants; and (6) the need provide restitution to the defendant's victims. See United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (quoting United States v. Davies, 746 F. App'x 86, 88-89 (3d Cir. 2018)).

A showing of extraordinary circumstances on the part of the releasee "may be sufficient to justify early termination of supervised release, but they are not necessary for such termination." Melvin, 978 F.3d at 53 (citing United States v. Murray, 692 F.3d 273, 279 (2d Cir. 2012)). According to the Third Circuit: "We think that '*[g]enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstance' warrant it." Id. (quoting Davies, 746 F. App'x 89 (emphasis in original). This because "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." Id. "Early termination, however, 'is not warranted as a matter of course.'" United States v. Lagone, 2017 WL 606016, at *2 (E.D.N.Y. Feb. 15, 2017) (quoting United States v. Fenza, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)).

ANALYSIS

Raith has served approximately half of his term of supervised release and the reasons he offers for its early termination are insufficient due to the serious nature of the offense, the continued need to provide for adequate deterrence, and the length of Court's term of incarceration.

Raith possessed over 25 videos and 486 of images depicting the sexual and physical abuse of children. (PSR ¶ 22). Under U.S.S.G. § 2G2.2(b)(7)(D), each video is considered to consist of 75 images. Accordingly, the 25 videos in Raith's possession are the equivalent of 1,875 images bringing the total number of images Raith possessed to 2,361. (PSR ¶ 22).

Some of the images depicted the vilest of conduct, replete with sadistic and masochistic imagery. (Id. at ¶ 10). "There can be no doubt that child pornography—and those who view such images thereby creating and maintaining a market for such images—cause the victims to suffer, not just at the moment the abuse occurs, but for the entire lifetimes of those victims who must live with the memories of the abuse and knowledge that countless numbers of people may forever watch them being abused." United States v. Duddy, 2022 WL 5246322, at *3 (W.D. Pa. Oct. 6, 2022). The Supreme Court has also noted the serious effects that child pornography inflicts on its victims: "It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become the sexual abusers as adults." New York v. Ferber, 458 U.S. 747, 758-59 n.9 (1982). Finally, the sheer number of images Raith possessed establishes that his conduct warranted serious punishment and prolonged supervision. United States v. Zwiebel, 2017 WL 1458711, at *1-*2 (D. Ut. Apr. 24, 2017) (need for continued supervision where defendant possessed over 600 images of child pornography); Duddy, 2022 WL 5246322, at *3 (early termination not appropriate for defendant who possessed over 2,000 images).

Although Raith has completed sex offender training and has not violated the conditions of his supervised release, the fact remains that "child sex offenders have appalling rates of recidivism and their crimes are under-reported." United States v. Pugh, 515 F.3d 1179, 1201 (11th Cir. 2008). See also United States v. Cunningham, 680 F.Supp.2d 844, 854-56 (N.D. Oh. 2010); United States v. Pine, 318 F. App'x 84, 86 (3d Cir. 2009) (noting risk of recidivism for defendant who possessed more than 3,000 images of child pornography). Continuing Raith's supervision will promote deterrence. And while his compliance to date might be a manifestation of reform and remorse, it is noted that the prospect of reincarceration if the conditions of supervised release are violated provides a strong incentive for complying with those conditions. Raith's compliance, in turn, protects children from future crimes and deters criminal conduct. See 18 U.S.C. § 3553(a)(2) (C) and (D); United States v. Miles, 2020 WL 490419, at *3 (W.D. Pa. Aug. 20, 2020) ("[T]he fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation to its full term will achieve its desired effects on the supervised individual and community.").

The kinds of sentences that are available, likewise, do not favor early termination. Under 18 U.S.C. § 3583(k), the Court had the option of imposing a lifetime term of supervised release. It did not, indicating that a 20-year term was appropriate and sufficient to address the serious nature of Raith's conduct. Raith, moreover, has served little over half of his term of supervised release, which does not support its early termination. See, e.g., United States v. DeJesus, 2021 WL 396739, at *3 (W.D. Pa. Feb. 4, 2021) (early termination not appropriate where defendant had served slightly less than half of supervised release term). Finally, the 36-month term of incarceration the Court imposed was 42 months below the low end of the advisory range. Courts have held that early termination is inappropriate where a defendant has received the benefit of a variance or some other

break in the length of incarceration. <u>See</u> <u>United States v. Van Burt</u>, 2021 WL 211499, at *3 (W.D. Pa. Jan. 21, 2021); <u>DeJesus</u>, 2021 WL 396739, at *3.

Raith has complied with the conditions of his supervision, but compliance is expected. <u>United States v. Dudash</u>, 2012 WL 874878, at *3 (W.D. Pa. Mar. 14, 2012) (collecting cases). And Raith's compliance, though commendable, does not expiate the seriousness of his offense or the need to provide continued deterrence.

WHEREFORE, for the foregoing reasons, Raith's Motion for Early Termination should be denied.

Respectfully submitted,

CINDY K. CHUNG
UNITED STATES ATTORNEY

<u>/S/MICHAEL LEO IVORY</u>
Michael Leo Ivory
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
PA ID No. 59296
(412) 644-3500

6