IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 09-86 |
| | ) |
| JOSEPH RAITH, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.   Introduction**

Pending before the court is a motion for early termination of supervised release filed by counsel on behalf of defendant Joseph Raith ("Raith") (ECF No. 55). The government filed a response in opposition (ECF No. 58), Raith filed a reply (ECF No. 59), and the motion is ripe for disposition. For the reasons set forth in this opinion, Raith's motion for early termination of supervised release will be denied without prejudice to refile.

Raith contends that he should be granted early termination of supervised release because his conduct has been excellent, he has been crime-free and incident free, fully compliant with all requirements of supervision, completed mental health/sex offender treatment, successfully passed all polygraph exams and been a good father, neighbor, and member of his church and community. He argues that there is no need for further supervision. Raith submitted his own letter to the court, and submitted numerous letters

of support and recommendation, which the court reviewed.  Raith did not submit any documents or information about his mental health/sex offender treatment program.[1]

The government acknowledges the numerous character letters attesting to Raith's rehabilitation, but contends that early termination of Raith's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a).  In particular, the government points out that Raith has served slightly more than half of the term of supervision imposed by the court and that child pornography offenses have a high rate of recidivism.

## II.     Procedural History

On October 9, 2009, Raith entered a guilty plea for possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B).  There was no written plea agreement.  The conviction carried a statutory mandatory minimum sentence of 5 years supervised release.

Raith's guideline range was 78-97 months of imprisonment and supervised release for life, pursuant to the policy statement in U.S.S.G. § 5D1.2.  (ECF No. 43).  On February 19, 2010, the court sentenced Raith to a term of imprisonment of 36 months, to be followed by 20 years on supervised release.

Raith began serving supervised release on November 14, 2012.  His supervision expires in 2032.  He is now 66 years old and has been on supervised release for over 10 years.

---

[1] Raith reports that after completion of court-ordered counseling, he continued counseling with Alexandra Miller, LCSW, and that a letter from Ms. Miller is available upon request (ECF No. 55 at 7 n.4).  If Raith files another motion, he may file that letter and associated records under seal.  The government may also provide any responsive documents under seal.

There have been no petitions for violation of the conditions of release by Raith. The probation office, however, filed (under seal) a non-compliance report on October 28, 2019 (ECF No. 53).[2] The probation office, however, did not seek any court action.

### III.   Discussion

#### A.  Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[3] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

---

[2]   Because the report is filed under seal, it may not be accessible by counsel.
[3]   Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011).  It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 53. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id.

The Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[4] In other words, "a district court

---

[4] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 978 F.3d at 53.

need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Raith's term of supervised release is warranted by his conduct and in the interest of justice. "Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Raith's crime was serious. He possessed numerous images and videos containing child pornography, including sadistic, masochistic or violent conduct. Raith had no other criminal history, was a committed single father, had a good employment record and was honorably discharged from his military service. Raith explains his involvement in the offense as stemming from his addiction to pain medication to treat a back injury suffered at work; his drug supplier, Gary, introduced Raith to child pornography. Raith explains that he terminated his relationship with Gary in 2007 and his interest in child pornography faded.

The court accepts that Raith has engaged in substantial rehabilitative efforts, has a supportive family and is a good role model for others in the community. Raith is

5

remorseful, actively engaged in mental health treatment, performed approximately 500 hours of volunteer work, and is a valued neighbor and church member. The court commends Raith for his efforts and urges him to continue to be a productive member of society.

The serious nature of his crime weighs against the early termination of Raith's supervised release. As the government points out, "child sex offenders have appalling rates of recidivism." United States v. Pugh, 515 F.3d 1179, 1201 (11th Cir. 2008). The fact of Raith's compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.

> **2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

Given Raith's age of 67 and his 10 years of successful conduct while on supervision, it is unclear whether the full term of supervision is necessary to deter Raith from reengaging in criminal conduct and to protect the public from further crimes by Raith. This factor weighs in favor of early termination of Raith's supervision.

> **3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)**

The guideline range of imprisonment was 78-97 months. The court granted Raith a significant downward variance to a prison term of 36 months. The guideline range of supervised release was 5 years to life. The court imposed a term of supervision of 20 years. There is no evidence that this factor warrants early termination of supervised release.

> ### 4. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

The Sentencing Guidelines contain the following nonbinding Policy Statement: "If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(b). Raith faced a statutory maximum of supervision for life. The court varied downward from this policy and imposed a 20-year term of supervised release. There is no evidence that this factor warrants early termination of supervised release.

> ### 5. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

There is no evidence that Raith's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The court notes that Raith has been on supervised release for over 10 years to date, which is twice the mandatory minimum term of 5 years required by statute.

> ### 6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

The parties did not address this factor and it does not impact the court's decision.

> ## C. Whether early termination is warranted and in the interest of justice

This is a somewhat difficult decision. In support of his motion, Raith asserts that he is 67 years old, had no other criminal history, completed mental health treatment and has been living a productive, law-abiding lifestyle for more than 10 years. The court commends Raith for his rehabilitation and conduct while on supervision. On the other hand, the court recognizes the high recidivism rates for child pornography offenses and

7

the policy with respect to lifetime supervision. The court is aware of the non-compliance report from the probation office in 2019 and Raith did not submit records, letters or other information with respect to his successful completion of treatment or his personal risk of recidivism. As noted above, it is the defendant's burden to provide sufficient evidence to justify early termination of supervision. Williams, 2006 WL 618849 at *1.

Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Raith did not articulate any particular hardship that he experiences due to the terms of his supervision. If there is a particular adverse impact, Raith should explore with his probation officer whether his conditions can be modified to address his concern.

Raith's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime and the need to deter criminal conduct, Raith failed to meet his burden to demonstrate that he is entitled to early termination of his term of supervised release.

**IV.	Conclusion**

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 55) without prejudice for him to file a new request if his circumstances change or he has additional evidence to submit to the court.

An appropriate order follows.


Dated: May 30, 2023					BY THE COURT:

							/s/ JOY FLOWERS CONTI
							Joy Flowers Conti
							Senior United States District Judge